UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **DUANE E. WILKINS** and | ) |
| **ANGELA M. WILKINS,** | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 11-2302 |
| **TRUE GREEN LAWN CARE, et al.,** | ) |
| | ) |
| Defendants. | ) |

## Report & Recommendation

In December 2011, Plaintiffs Duane E. Wilkins and Angela Wilkins filed a Complaint (#1) against a large number of defendants. Plaintiffs indicate that they bring suit under 42 U.S.C. § 1983, and they also indicate various tort claims. Plaintiffs are pro se litigants.

In April 2012, Defendant Village of Rantoul filed a Motion to Dismiss for Federal Rule Civil Procedure 12 by Defendant Village of Rantoul (#21). Plaintiffs filed a memorandum in response (#32).[1] Defendant's motion to dismiss is based on lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim for which relief can be granted. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C § 636(b)(1)(B), that Defendant's Motion to Dismiss for Federal Rule Civil Procedure 12 by Defendant Village of Rantoul **(#21)** be **GRANTED**.

### I. Background

In December 2011, Plaintiffs filed an eighteen page hand-written Complaint against

---

[1] Plaintiffs have filed numerous briefs in connection with this litigation. Due to the rambling and disorganized nature of these filings, it is somewhat unclear to the Court what purpose these various briefs are intended to serve. However, the Court will treat Plaintiff's memorandum (#32) as a response to Defendant's present motion to dismiss, as Plaintiffs indicate in this brief that they are specifically addressing their claims against Defendant Village of Rantoul. In Plaintiffs' response, they discuss an alleged false arrest that occurred in 2004 or 2005, and Plaintiffs allege police failed to respond to their complaints of people throwing rocks at their house.

approximately twenty-five defendants.[2]  For the first page of the Complaint, Plaintiffs utilized a form provided by the Court to indicate the nature of their claims.  Plaintiffs indicate that they bring suit pursuant to 42 U.S.C. § 1983, the Hate Crime Prevention Act, and various torts, which they list as follows:

> Trespass criminal. Damage to property.  Disconnect and covering camera, poisoning plants, exassuv clipping plants, stalking, intemadation, schools neglengent death threats. Destroying cameras, child abuse, bullying solicitation . . . police neglengent . . . police threats, failure too Do Their Duty

(#1, p. 1).

Plaintiffs' complaint is extremely difficult to read.  It is hand-written, at times illegible, and frequently it consists of lengthy, dense passages without sentence structure or paragraph breaks. The first several pages of the complaint concern harm to Plaintiffs' home, though it is unclear what damage was allegedly done or who Plaintiffs believe is responsible.  Thereafter, the bulk of the complaint concerns Plaintiffs' son; Plaintiffs allege their son endured years of bullying at school, and school officials did not intervene effectively.

## II.  Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007).  However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief.  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

---

[2]The Court is uncertain about the number of defendants because the defendants listed in the complaint and the docket do not match, and Plaintiffs have attempted service on individuals who are not listed as defendants in the complaint or the docket.

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The application of the notice pleading standard is a context-specific task, in which the height of the pleading requirement is relative to circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)). Furthermore, district courts are required to liberally construe complaints filed by pro se litigants. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III. Discussion

A plaintiff need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, such statements must be supported by plausible factual allegations. *Tamayo*, 526 F.3d at 1083. When making determinations as to plausibility, a court may rely on judicial experience and common sense. *Cooney*, 583 F.3d at 971. In the case of pro se litigants, courts are required to liberally construe their claims. *Marshall*, 445 F.3d at 969. It is a well-established duty of the trial to court to ensure that the claims of a pro se litigant are given a fair and meaningful consideration. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996).

A court must also be mindful, however, that it should not allow defendants to be subjected to "paranoid pro se litigation . . . alleging . . . a vast, encompassing conspiracy" unless plaintiff meets a "high standard of plausibility." *Cooney*, 583 F.3d at 971; *see also Walton v. Walker*, 364 F.App'x. 256, 258 (7th Cir. 2010) (unpublished). Furthermore, the Seventh Circuit

3

has noted that unintelligibility is a legitimate reason for rejecting a complaint. *Stanard v. Nygren*, 658 F.3d 792, 797-98 (2011). The Seventh Circuit stated: "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Id*. at 798.

As previously indicated, Plaintiffs' complaint has many shortcomings. Throughout the complaint, the lack of punctuation and the prevalence of grammatical and syntactical errors make the document nearly incomprehensible. The deficiencies are so substantial that they amount to failure to put the defendants on notice of the nature of the claim. Despite the length and detail of the complaint, or perhaps in part because of it, it remains unclear what constitutes the core of the claims against any of the defendants. *See Stanard*, 658 F.3d at 799. The Court concludes that Plaintiffs have failed to comply with Federal Rule of Civil Procedure 8(a). Therefore, the Court recommends that the Motion to Dismiss for Federal Rule Civil Procedure 12 by Defendant Village of Rantoul (#21) be granted.

This Court further recommends that Plaintiffs' complaint be dismissed as to all other defendants, on the Court's own motion. The Seventh Circuit has recognized that the district court has inherent authority to dismiss a case *sua sponte* and control its docket. *Moser v. Universal Eng'g Corp.*, 11 F.3d 720, 724 (1993). "[I]t is entirely necessary for the court to have the power to restrict or control litigants who persist in filing motions and utilizing the court's time and resources." *Id*. This unusual recommendation is warranted in the circumstances of this case. Most significantly, there is extreme confusion surrounding the list of defendants in this case. Given the serious issues with the complaint, process, and service of process to date, there may be dozens of individuals who have been named as defendants who will never be properly served, and also other individuals who receive summons who are not defendants. Without *sua sponte* action by this Court, resolving these issues would require a great deal of time and expense by the Court and all parties involved, including Plaintiffs. It would involve substantial unfairness to defendants, and would also constitute a burden for those individuals who are served summons but are not defendants.

4

The final issue is whether such a dismissal should be with or without prejudice. The Seventh Circuit has indicated that, in some cases, unintelligibility may warrant dismissal of a case with prejudice, where a litigant has repeatedly failed to follow explicit directions of the district court. *Stanard*, 658 F.3d at 800. In this case, Plaintiffs have repeatedly failed to follow explicit directions of the district court. The most egregious examples of Plaintiffs' failure to follow explicit directions of the court concerns service of process. Plaintiffs received an Administrative Order Regarding Service in Pro Se Cases. This Order provided instructions to Plaintiffs in how to proceed with issuance of summons and service of process. Contrary to these instructions, Plaintiffs served summons on the Rantoul Police Department, but named in the summons four individual officers who are not named in the complaint or listed on the docket. (#21, p. 4). The clerk's office for the court has received calls from other individuals who are not listed as defendants in this case to inform the court that they have received summons. Additional filings indicate that Plaintiffs have not complied with instructions for service of process with respect to Defendant Johnson. (#41, p. 1). Based on the filings in this case to date, this Court concludes that Plaintiffs have not demonstrated a willingness or a capability of complying with court instructions. However, a *sua sponte* dismissal of Plaintiff's claim in its entirety with prejudice would be an extreme action. This Court therefore recommends that dismissal be without prejudice. However, this Court warns Plaintiffs that, despite their status as pro se litigants, sanctions may be imposed on them under Rule 11 for filing any suit that is frivolous. *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990).

The Court further notes that Plaintiffs' two pending motions to amend their complaint should also be denied. A district court should "allow ample opportunity for amending the complaint when it appears that by doing so the pro se litigant would be able to state a meritorious claim . . ." *Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006), quoting *Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). Here, Plaintiffs' proposed amended complaints would only add to the complexity and confusion of the state of the docket in this case. Their first motion to amend seeks to add defendants, though the Plaintiffs do not clearly name the defendants they seek to add. The purpose of their second motion to amend is unclear, as the

document is incomprehensible. From what alleged facts the Court can glean from the proposed second amended complaint, this amended complaint appears to describe entirely separate events from those discussed in the original complaint. The Court therefore recommends that Plaintiffs' pending motions to amend their complaint (#25, #38) be denied.

### IV. Summary

In summary, this Court recommends that the Motion to Dismiss for Federal Rule Civil Procedure 12 by Defendant Village of Rantoul (**#21)** be **GRANTED**. The Court further recommends that Plaintiffs' complaint be dismissed *sua sponte* in its entirety as to all defendants without prejudice.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTERED this 11th day of May, 2012.

                                                                 s/ DAVID G. BERNTHAL
                                                                  U.S. MAGISTRATE JUDGE